UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT -
HARTFORD DIVISION

FILED
2004 MAR 29 P 2: 36
U.S. DISTRICT COURT

-------------------------------------------------
DIRECTV, INC.,
            Plaintiff,

- against -

GEORGE MARTINEZ, et al.

           Defendant(s).
-------------------------------------------------

**ORAL ARGUMENT
NOT REQUESTED**

Civil No. 3:03-CV-00953-DJS
Hon. Dominic J. Squatrito

### PLAINTIFFS MOTION FOR SUMMARY JUDGMENT –
### STATEMENT OF FACTS AND MEMORANDUM OF LAW

Plaintiff, DIRECTV, INC. (hereinafter "Plaintiff"), by and through its attorneys, LONSTEIN LAW OFFICE, P.C., with its contemporaneously-filed Notice of Motion, moves for summary judgment pursuant to Fed. R. Civ. P. 36 and 56 as against the specific defendant DOROTHEA BIEHLER (hereinafter "Defendant"), and respectfully submits this Statement of Facts and Memorandum of Law in support of its motion for summary judgment, based on the absence of any issues of disputed fact as to the liability of Defendant.

### PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff is the nation's leading direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States. Plaintiff's television programming currently includes major cable networks, studio movies and special events programming, as well as a variety of sports and other special interests programming. Plaintiff, a California company, has invested more than $1.25 billion to

1

develop its direct broadcast satellite system.

Plaintiff encrypts, or electronically scrambles, its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming. Plaintiff offers its television programming to residential and business customers on a subscription and pay-per-view basis only. Each customer is required to obtain an Access Card and other system hardware (including a small satellite dish) and create an account with Plaintiff. Upon activation of the Access Card by Plaintiff, the customer can receive and view in a decrypted format (*i.e.*, unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase from Plaintiff.

Plaintiff commenced the present action by filing the summons and complaint on May 29, 2003, claiming that the defendants, including Defendant Biehler, violated the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, and the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§ 2510-2521, in that she illegally and without authorization, purchased and utilized anti-encryption and/or descrambling devices and technology to access Plaintiff's broadcast signals without payment for same. Plaintiff brings this action to restrain these illegal activities against it and to protect its product.

In its Complaint, Plaintiff seeks an award against Defendant in the maximum amount awardable under the relevant statutes, plus reasonable attorney's fees and costs, as provided by the statutes. Defendant was duly served with the Summons and Complaint on June 26, 2003, and Defendant served and filed her Answer on July 17, 2003. (See Affirmation of Wayne D. Lonstein, Esq. dated March 25, 2004 made in support of Plaintiff's Motion for Summary Judgment (hereinafter the "Lonstein Aff."), at paragraphs 3-4.)

Attached to the Lonstein Aff. as Exhibit "A" is a true copy of Plaintiff's Requests for Admissions, along with the transmittal letter and certificate of service dated August 12, 2003 on counsel for Defendant, Leslie C. Hollo, Esq., evidencing service on Defendant of Plaintiff's initial Rule 26 disclosures, as well as, Plaintiff's Requests for Production of Documents, Interrogatories and Requests for Admissions. (See id., at paragraph 5.) The cover page of Plaintiff's Requests for Admissions states in bolded, underlined 12-point font: "**If you fail to respond within 30 days from the date hereof, you waive objection to the Requests, and plaintiff will request the Court deem such matters admitted.**" (See id., at paragraph 6 and Exhibit "A," page 1.)

Pursuant to Fed. R. Civ. P. 36, Defendants' respective responses to Plaintiff's Requests for Admission were due, at the latest, thirty (30) days after service, or on or by September 11, 2003. (See id., at paragraph 7.) On September 11, 2003, the date that Defendant's responses to Plaintiff's combined discovery requests were due, counsel for Plaintiff agreed to grant a thirty (30) day extension of time for Defendant to serve her initial Rule 26 disclosures and to respond to Plaintiff's Requests for Production of Documents, Interrogatories and Requests for Admissions, up to and through October 15, 2003. (See id., at paragraph 8.)

Defendant, however, did not serve her discovery responses on or by October 15, 2003. (See id., at paragraph 9.) In fact Defendant has still not provided responses to Plaintiff's Requests for Admissions, which responses were originally due 195 days ago, and 161 days ago pursuant to the parties' extension agreement. (Id.)

On multiple occasions since service of the Requests for Admissions on Defendant, persons from the office of Plaintiff's counsel attempted to contact Defendant's attorney, by telephone and in writing, to attempt to obtain responses to Plaintiff's Requests for Admissions and compliance

with Plaintiff's discovery demands, and numerous messages were left communicating same and providing names and number to contact to return said calls. (See id., at paragraph 10.) Nevertheless, no responses to the outstanding discovery requests were ever received from Defendants, nor were responses received in connection with Plaintiff's several attempts to obtain compliance. (Id.)

Defendant's failure to respond to Plaintiff's Requests for Admissions (Lonstein Aff., Exhibit "A"), serves as an admission of each of the following:

    A.    Defendant possessed a satellite television service reception dish during the year 2001 and thereafter.

    B.    Defendant purchased devices from Canadian Security & Technologies and installed or used same in conjunction with the reception of plaintiffs signals which carried programming supplied by the plaintiff.

    C.    In using said device defendant accessed premium services, pay-per-view events and other proprietary signals of the plaintiff without paying plaintiff for same.

    D.    Defendant intended to receive such premium and pay-per-view programming without payment to plaintiff when purchasing, using and/or installing said device.

    E.    Defendant did in fact receive premium and pay-per-view programming by using said device without paying plaintiff for such services.

    F.    Said Device was installed at or near defendants premises.

(See Lonstein Aff., paragraph 11 and Exhibit "A.")

On January 12, 2004, Plaintiff served and filed its Notice of Facts Deemed Admitted (Lonstein Aff., Exhibit "C"), notifying the Defendant through her attorney that the failure to

respond to Plaintiff's Requests for Admissions had resulted in the constructive admission of the statements contained therein pursuant to Fed. R. Civ. P. 36. (See id.) No response of any sort was received from Defendant to said Notice. (See id., at paragraph 14.) To date, Defendants have not responded to Plaintiff's Requests for Admissions, nor to Plaintiff's remaining discovery requests. (Id.)

For these reasons, Plaintiff respectfully requests that this Cour enter summary judgment as to liability against Defendants, as Defendants' liability under the Statutes is to be deemed admitted as a matter of law, and to order further proceedings regarding the amount of damages and awardable costs and fees.

## LEGAL ARGUMENT

### I. THE MATTERS CONTAINED WITHIN PLAINTIFF'S REQUEST FOR ADMISSIONS ARE DEEMED ADMITTED AS A MATTER OF LAW.

The effect of Defendant's failure to timely respond to Plaintiff's Requests for Admissions is the same as if Defendants had expressly admitted each matter contained within the Request, pursuant to Fed. R. Civ. P. 36 and the caselaw applying it. Apex Oil Co. v. Belcher Co. of New York, 855 F.2d 1009, 1015 (2nd Cir. 1988). Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each matter is deemed admitted unless it is denied or objected to within thirty (30) days of service:

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney.

Fed. R. Civ. P. 36.

In addition, it should be noted that Plaintiff's instructions to its Request for Admissions clearly state that Defendants' response must be served upon Plaintiff within 30 days of service of the Request or each matter contained therein will be deemed admitted. This instruction is conspicuously displayed in 12-point font, bold faced and underlined. (See Lonstein Aff., Exhibits "C".)

Based upon Defendants' failure to deny or object to Plaintiff's Requests, each matter contained therein is now to be deemed admitted. Similarly, Defendant failed to respond to Plaintiff's Notices of Facts Deemed Admitted, or to seek leave from this Court for permission to amend its constructive admissions or serve responses belatedly. As a result of Defendants' admissions to liability, Plaintiff respectfully submits that it is entitled to Summary Judgment, since there exists no genuine issues of material fact to present to a trier of fact.

## II.    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Summary Judgment shall be granted upon a finding that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.C. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). A dispute is genuine if, upon the evidence, a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986). In deciding a Motion for Summary Judgment, the Court is not to weigh the evidence in an effort to determine the truth of the matter, but rather, the Court's function is to determine if there exists a genuine issue for trial. Id., at 249.

Once liability has been admitted by a party by failing to respond to Requests for Admissions, it is appropriate for the requesting party to move for summary judgment thereon, and as one Court

6

stated: "It appears well settled that a failure to respond to a request to admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive." Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, (2nd Cir. 1966). "Pursuant to Fed. R. Civ. P. 36(a), the matters contained in a request for admissions are deemed admitted unless, within 30 days of service, the party to whom the request is directed serves a written answer or objection. Any matter admitted under Rule 36(a) is 'conclusively established' and may be used for summary judgment, unless the court upon motion permits withdrawal or amendment of the admission." Attick v. United States, 904 F. Supp. 77, 79 (D.Ct. Oct. 24, 1995) (Eginton, Sr. J.)(citations omitted).

Plaintiff is entitled to Summary Judgment in the instant matter as Defendant is deemed to have admitted that she willfully violated 47 U.S.C. §605 and 18 U.S.C. §§ 2510-2521 by purchasing a descrambling device from a Canadian company and employing same to access without authorization or payment Plaintiff's proprietary satellite broadcast signals.

47 U.S.C. §605 (satellite) and §553 (cable) (hereinafter, together, "the Piracy Statutes") prohibit "the unauthorized interception and reception of cable programming" signals which originate and are delivered via satellite or by other means of over the air signal transmission.. Kingvision Pay-Per-View, Ltd. v. 2182 La Caridad Restaurant, Inc., 2000 U.S. Dist. LEXIS 6934, at *1 (S.D.N.Y. April 18, 2002); Cablevision Systems of New York City v. Cotai, 2003 U.S.Dist. LEXIS 16926, at * 10 (S.D.N.Y. Sept. 19, 2003). The Piracy Statutes provide both criminal and civil penalties for persons in violation of their provisions. Further, a private right of action, such as the one in the instant matter, exists under the Piracy Statutes. International Cablevision, Inc. v. Sykes, 997 S.2d 998, 1005 (§ 553) and 1007-8 (§ 605) (2nd Cir. 1993); Ciminelli v. Cablevision, 583 F. Supp. 158, 160-61 (E.D.N.Y 1984).

Liability under the Piracy Statutes requires only that Defendant has: (1) intercepted or aided interception of; and (2) divulged or published, or aided divulging or publishing of, a communication transmitted by Plaintiff. <u>California Satellite Systems v. Seimon,</u> 767 F.2d 1364 (9th Cir. 1985). With regard to the instant matter, the Piracy Statutes provide for the recovery of statutory damages, as well as, for the recovery of costs and reasonable attorney's fees to a prevailing Plaintiff, which is mandatory under § 605. <u>Sykes,</u> 997 F.2d at 1009.

## CONCLUSION

Pursuant to Rules 56 (c) and 36(a) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that the Court grant Summary Judgment in favor of Plaintiff DIRECTV, INC. and against Defendant DOROTHEA BIEHLER, as no genuine issues of material fact presently exist, based upon Defendant's admissions to violating 47 U.S.C. §605 and 18 U.S.C. §§ 2510-2521 by purchasing a device from a Canadian company and employing same to access without authorization or payment Plaintiff's proprietary satellite broadcast signals.

  Plaintiff further respectfully requests that the Court permit Plaintiff to submit additional authorities in support of its request for damages, costs and attorney's fees, and for such other and further relief as this Court deems just and proper under the circumstances.

Dated: March 25, 2004
   Ellenville, New York

               Respectfully submitted,

               LONSTEIN LAW OFFICE, P.C.

               By: Wayne D. Lonstein, Esq.
               LONSTEIN LAW OFFICE, P.C.
               1 Terrace Hill, P.O. Box 351
               Ellenville, New York 12428
               Telephone: (845) 647-8500
               *Attorneys for Plaintiff*