UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT -
HARTFORD DIVISION

FILED
2004 MAR 29 P 2: 36
U.S. DISTRICT COURT
HARTFORD, CT.

---

DIRECTV, INC.,

      Plaintiff,

- against -

GEORGE MARTINEZ,
RICHARD MATHER,
ED SHALLIS,
DAVID BRAISE, and
DORTHEA BIEHLER,

      Defendant(s).

Civil No. 3:03-CV-00953-DJS
Hon. Dominic J. Squatrito

---

### AFFIRMATION OF WAYNE D. LONSTEIN, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS AGAINST DEFENDANT DOROTHEA BIEHLER

WAYNE D. LONSTEIN, ESQ., under penalty or perjury, hereby swears and affirms:

1. I am an attorney with the firm of LONSTEIN LAW OFFICE, P.C., attorney's for Plaintiff DIRECTV, INC.. (hereinafter "Plaintiff"), in the above-captioned case, and I make this affidavit in order to provide evidence in support of Plaintiff's motion for summary judgment, pursuant to Fed. R. Civ. P. 56, against defendant DOROTHEA BIEHLER (hereinafter "Defendant"), as there exists no genuine issues of material fact to present to a trier of fact, based on Defendants' admissions as a matter of law as to having utilized an illegal device to access and intercept Plaintiff's protected and proprietary cable broadcasts without authorization or payment for same.

2. I am fully familiar with the facts, proceedings and history of this matter and make this

1

affirmation based thereon and upon review of the file and discussion with other attorneys at this office.

3. On May 29, 2003, Plaintiff commenced this action with the filing of a summons and complaint in the United States District Court for the District of Connecticut. True copies of the summons and complaint were duly served upon Defendant via personal service on June 26, 2003.

4. On or about July 17, 2003, the Defendant served and filed her Answer.

5. Attached hereto as Exhibit "A" is a true copy of Plaintiff's Requests for Admissions, along with the transmittal letter and certificate of service dated August 12, 2003 on counsel for Defendant, Leslie C. Hollo, Esq., evidencing service on Defendant of Plaintiff's initial Rule 26 disclosures, as well as, Plaintiff's Requests for Production of Documents, Interrogatories and Requests for Admissions.

6. The cover page of Plaintiff's Requests for Admissions states in bolded, underlined 12-point font: "**<u>If you fail to respond within 30 days from the date hereof, you waive objection to the Requests, and plaintiff will request the Court deem such matters admitted.</u>**" (See Exhibit "A," at page 1.) (Emphasis in original.)

7. Pursuant to Fed. R. Civ. P. 36, Defendants' respective responses to Plaintiff's Requests for Admission were due, at the latest, thirty (30) days after service, or on or by September 11, 2003.

8. On September 11, 2003, the date that Defendant's responses to Plaintiff's combined discovery requests were due, counsel for Plaintiff agreed to grant a thirty (30) day extension of time for Defendant to serve her initial Rule 26 disclosures and to respond to

Plaintiff's Requests for Production of Documents, Interrogatories and Requests for Admissions, up to and through October 15, 2003. Attached hereto as Exhibit"B" is a true copy of the letter from Defendant's attorney to my office confirming the extension granted by Plaintiff.

9. Defendant did not serve her discovery responses on or by October 15, 2003. In fact Defendant has still not provided responses to Plaintiff's Requests for Admissions, which responses were originally due 195 days ago, and 161days ago pursuant to the parties' extension agreement.

10. On multiple occasions since service of the Requests for Admissions on Defendant, persons from my office attempted to contact Defendant's attorney, by telephone and in writing, to attempt to obtain responses to Plaintiff's Requests for Admissions and compliance with Plaintiff's discovery demands, and numerous messages were left communicating same and providing names and number to contact to return said calls. Nevertheless, no responses to the outstanding discovery requests were ever received from Defendants, nor were responses received in connection with Plaintiff's several attempts to obtain compliance.

11. Defendant's failure to respond to Plaintiff's Requests for Admissions (Exhibit "A"), serves as an admission of each of the following:

    A.    Defendant possessed a satellite television service reception dish during the year 2001 and thereafter.

    B.    Defendant purchased devices from Canadian Security & Technologies and installed or used same in conjunction with the reception of plaintiffs signals which

carried programming supplied by the plaintiff.

C. In using said device defendant accessed premium services, pay-per-view events and other proprietary signals of the plaintiff without paying plaintiff for same.

D. Defendant intended to receive such premium and pay-per-view programming without payment to plaintiff when purchasing, using and/or installing said device.

E. Defendant did in fact receive premium and pay-per-view programming by using said device without paying plaintiff for such services.

F. Said Device was installed at or near defendants premises.

(See Exhibit "A.")

12. Attached hereto as Exhibit "C" is a true copy of the Notice of Facts Deemed Admitted dated January 12, 2004, and certificate of service for same dated January 12, 2004, notifying the Defendant through her attorney that the failure to respond to Plaintiff's Requests for Admissions has resulted in the constructive admission of the statements contained therein pursuant to Fed. R. Civ. P. 36. (See Exhibit "C.") No response of any sort was received from Defendant to said Notice.

13. Based on Defendant's admissions as to liability, Plaintiff, DIRECTV, INC., through its attorneys, respectfully requests that this Court enter summary judgment in its favor, with a finding of liability entered against Defendant Dorothea Biehler, and for further proceedings to take place regarding damages, fees and costs with respect to said Defendant.

Dated: March 25, 2004
Ellenville, New York

_____
WAYNE D. LONSTEIN, ESQ.



Exhibit A

# Lonstein Law Office, P.C.

Attorneys and Counselors at Law

1 Terrace Hill, P.O. Box 351
Lonstein Professional Building
Ellenville, New York 12428
Telephone (845) 647-8500
Facsimile (845) 647-6277
www.signallaw.com

*Wayne D. Lonstein

Julie Cohen Lonstein

‡ Rosalie A. Wallis

Kelly Ann Ruane

* Also admitted in NJ, PA & MA
‡ Also admitted in New Mexico

Albert I. Lonstein (1930 - 1993)

Benjamin Lonstein (1909 - 2000)

August 12, 2003

Leslie S. Hollo, Esq.
Snow, Atticks & Hollo, LLC
69 Wall Street
Madison, CT 06443

Re:    DirecTV vs. BIEHLER
Violation of 47 U.S.C. sec. 605 et seq. ("Communications Act")
and 18 U.S.C. sec. 2510-2521, et seq. ("Federal Wiretap Laws")
Our File No.  DTV-6CT-02
Civil No.  3-03-CV-00953 DJS

Dear Attorney Hollo:

Enclosed for service upon you please find the following:

1. Plaintiffs Initial Disclosures; and

2. Plaintiffs Interrogatories to Defendant; and

3. Plaintiffs Request for Admissions; and

4. Plaintiffs Request for Production.

    Please be advised that I have enclosed the account history of your client pursuant to your request as an attachment to the Rule 26 Disclosures.

Very truly yours,

LONSTEIN LAW OFFICE, PC

By: Wayne D. Lonstein

Encs.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

---

DIRECTV, INC.
a California corporation,

                Plaintiff,

- against -

GEORGE MARTINEZ,
RICHARD MATHER,
ED SHALLIS,
DAVID BRAISE, and
DORTHEA BIEHLER,

                Defendant(s).

**REQUEST FOR ADMISSIONS TO DEFENDANT BIEHLER**
Civil No. 3:03-CV-00953-DJS

---

## REQUEST FOR ADMISSION

        Plaintiff, by its attorneys, Lonstein Law Office, requests the defendant DORTHEA BIEHLER pursuant to Fed. R. Civ. Pro. 36 respond to the following requests for admission, under oath, with thirty (30) days from the date of this request.

## INSTRUCTIONS

1. Your answers must include all information concerning the matters inquired about and available to you, your attorneys and/or other agents.

2. **If you fail to respond within 30 days from the date hereof, you waive objection to the Requests, and plaintiff will request the Court deem such matters admitted**

3. In formulating your answer you may not give lack of information or knowledge as a reason for failure to admit or deny, unless you state that you have made reasonable inquiry that the information known or readily obtainable to you is insufficient to admit or deny the Request.

4. If you object to any part of a Request, you must answer the remainder of the Request.

5. Any objection to a Request or any part of a Request must clearly state the specific grounds for the objection.

6. A denial of all or any portion of each Request must be unequivocal.

## DEFINITIONS

1. The word (s) "you" or "your" refers to the defendant (s), above named and each of it's affiliates, attorneys, accountants, divisions, subdivisions, predecessors, successors, directors, officers, employees, agents, representatives, patrons and all persons acting or purporting to act on behalf of such defendant (s).

2. The word "person" includes, without limitation, any natural person, proprietorship, corporation, partnership, trust, joint venture, association, organization, business entity or governmental agency.

3. The terms " device (s)", includes without limitation any computer card, circuit board, bootloader, cardwriter, or any equipment or device whether obtained from plaintiff and the modified or purchased or acquired from other sources which when placed or installed upon a satellite or dbs television or added to a lawful system or ird allows the reception of satellite or dbs service and/or service levels and/or pay-per-view programming without payment to plaintiff

## REQUESTS FOR ADMISSION

1. Defendant possessed a satellite television service reception dish during the year 2001 and thereafter.

2. Defendant purchased devices from Canadian Security & Technologies and installed or used same in conjunction with the reception of plaintiffs signals which carried programming supplied by the plaintiff.

4. In using said device defendant accessed premium services, pay-per-view events and other proprietary signals of the plaintiff without paying plaintiff for same.

5. Defendant intended to receive such premium and pay-per-view programming without payment to plaintiff when purchasing, using and/or installing said device.

6. Defendant did in fact receive premium and pay-per-view programming by using said device without paying plaintiff for such services.

8. Said Device was installed at or near defendants premises.

Dated: Ellenville, New York
August 12, 2003

Yours, etc.

LONSTEIN LAW OFFICE P.C.

By: _____
Wayne D. Lonstein
Attorneys for Plaintiff
Office & P.O. Address
1 Terrace Hill, PO Box 351
Ellenville, New York 12428
Tel: (845) 647-8500


TO:   Leslie S. Hollo, Esq.
      Snow, Atticks & Hollo, LLC
      69 Wall Street
      Madison, CT 06443


## CERTIFICATE OF SERVICE

The undersigned duly certifies that the annexed document was duly served by United States mail, postage prepaid, upon the following on August 12, 2003:

Leslie S. Hollo, Esq.
Snow, Atticks & Hollo, LLC
69 Wall Street
Madison, CT 06443

_____
WAYNE LONSTEIN

Exhibit B

# SNOW, ATTICKS & HOLLO, LLC
### ATTORNEYS AT LAW

69 WALL STREET
MADISON, CONNECTICUT 06443
TEL: (203) 245-4800 / FAX: (203) 245-4495
EMAIL: SAHATTYS@AOL.COM

DONALD F. SNOW, JR.*
JOHN K. ATTICKS III
LESLIE S. HOLLO†

*ALSO ADMITTED IN VIRGINIA
†ALSO ADMITTED IN NEW YORK

September 11, 2003

Julie Cohen Lonstein, Esq.
Lonstein Law Office, P.C.
1 Terrace Hill
Ellenville, NY 12428-0351

    Re:    DIRECTV v. George Martinez, et al.; Docket No. 303CV-00953 (DJS)
             Our Client Dorothea Biehler
             Your File No. DTV-6CT-02

Dear Attorney Lonstein:

    This letter will confirm our telephone conversation earlier today in which you agreed to extend the time within which my client must respond to the Plaintiff's Interrogatories, Requests for Admissions and Request for Production by thirty (30) days from September 15, 2003, until October 15, 2003.

    In addition, I will contact you after I have had a chance to review with my client the documentation you have provided with an eye towards exploring a possible resolution of this matter.

    On behalf of my client, I thank you for your courtesy in this regard.

                                Sincerely,

                                Leslie S. Hollo

LSH:lsh

Exhibit C

Wayne D. Lonstein, Esq.
LONSTEIN LAW OFFICE, P.C.
1 Terrace Hill, Box 351
Lonstein Professional Bldg.
Ellenville, New York 12428
Tel.: (845) 647-8500

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

---

DIRECTV, INC.
a California corporation,

          Plaintiff,

- against -

GEORGE MARTINEZ,
RICHARD MATHER,
ED SHALLIS,
DAVID BRAISE, and
DORTHEA BIEHLER,

          Defendant(s).

**NOTICE OF FACTS
DEEMED ADMITTED**

Civil Case No. 3-03-CV-00953 DJS
Honorable Dominic J. Squatrito

---

1.    Plaintiff, DIRECTV, INC., on August 12, 2003, by its attorneys, LONSTEIN LAW OFFICE, P.C., served upon the Defendants, Dorothea Biehler ("Defendant"), requests for admission pursuant to Federal Rules of Civil Procedure, Rule 36. Attached as Exhibit "A" hereto are Plaintiff's Requests for Admission and Certificate of Service for same.

2.    Defendant failed to respond to said requests for admissions within the thirty (30) days from the date of service of the request. In fact, as of the date of this Notice, 153 days have passed since service of the Requests for Admission.

3.    Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, all statements contained within the Request for Admission not responded to by denial or objection are deemed admitted.

JAN 2 7 2004

4. Defendant has neither responded nor objected to any matter contained within Plaintiff's Request for Admissions. (Federal Rules of Civil Procedure, Rule 36(a).

5. Therefore, the following Requests which were duly served upon Defendant and not responded to in a timely manner are deemed admitted pursuant to Federal Rules of Civil Procedure, Rule 36(a):[1]

1. Defendant possessed a satellite television service reception dish during the year 2001 and thereafter.

2. Defendant purchased devices from Canadian Security & Technologies and installed or used same in conjunction with the reception of plaintiffs signals which carried programming supplied by the plaintiff.

4. In using said device defendant accessed premium services, pay-per-view events and other proprietary signals of the plaintiff without paying plaintiff for same.

5. Defendant intended to receive such premium and pay-per-view programming without payment to plaintiff when purchasing, using and/or installing said device.

6. Defendant did in fact receive premium and pay-per-view programming by using said device without paying plaintiff for such services.

8. Said Device was installed at or near defendants premises.

Dated: Ellenville, New York
January 12, 2004

LONSTEIN LAW OFFICE, P.C.

By: _____
Wayne D. Lonstein, Esq.
Attorneys for Plaintiff
Office & P.O. Address
1 Terrace Hill, PO Box 351
Ellenville, New York 12428
Tel: (845) 647-8500

---

[1] Numbering follows that in original, attached.

## CERTIFICATE OF SERVICE

The foregoing Notice of Facts Deemed Admitted pursuant to Fed. R. Civ. Pro. 36(a) was duly served upon the following:

> Leslie S. Hollo, Esq.
> Snow, Atticks & Hollo, LLC
> 69 Wall Street
> Madison, CT 06443
> Attorney for Defendant Biehler

on this 12th day of January, 2004 via United States Postal Service, postage prepaid.

_____
WAYNE D. LONSTEIN, ESQ.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

---

DIRECTV, INC.
a California corporation,

           Plaintiff,

- against -

GEORGE MARTINEZ,
RICHARD MATHER,
ED SHALLIS,
DAVID BRAISE, and
DORTHEA BIEHLER,
           Defendant(s).

**REQUEST FOR ADMISSIONS TO DEFENDANT BIEHLER**
Civil No. 3:03-CV-00953-DJS

---

## REQUEST FOR ADMISSION

      Plaintiff, by its attorneys, Lonstein Law Office, requests the defendant DORTHEA BIEHLER pursuant to Fed. R. Civ. Pro. 36 respond to the following requests for admission, under oath, with thirty (30) days from the date of this request.

## INSTRUCTIONS

1. Your answers must include all information concerning the matters inquired about and available to you, your attorneys and/or other agents.

2. **If you fail to respond within 30 days from the date hereof, you waive objection to the Requests, and plaintiff will request the Court deem such matters admitted**

3. In formulating your answer you may not give lack of information or knowledge as a reason for failure to admit or deny, unless you state that you have made reasonable inquiry that the information known or readily obtainable to you is insufficient to admit or deny the Request.

4. If you object to any part of a Request, you must answer the remainder of the Request.

5. Any objection to a Request or any part of a Request must clearly state the specific grounds for the objection.

6. A denial of all or any portion of each Request must be unequivocal.

## DEFINITIONS

1. The word (s) "you" or "your" refers to the defendant (s), above named and each of it's affiliates, attorneys, accountants, divisions, subdivisions, predecessors, successors,
directors, officers, employees, agents, representatives, patrons and all persons acting or purporting to act on behalf of such defendant (s).

2. The word "person" includes, without limitation, any natural person, proprietorship, corporation, partnership, trust, joint venture, association, organization, business entity or governmental agency.

3. The terms " device (s)", includes without limitation any computer card, circuit board, bootloader, cardwriter, or any equipment or device whether obtained from plaintiff and the modified or purchased or acquired from other sources which when placed or installed upon a satellite or dbs television or added to a lawful system or ird allows the reception of satellite or dbs service and/or service levels and/or pay-per-view programming without payment to plaintiff

## REQUESTS FOR ADMISSION

1. Defendant possessed a satellite television service reception dish during the year 2001 and thereafter.

2. Defendant purchased devices from Canadian Security & Technologies and installed or used same in conjunction with the reception of plaintiffs signals which carried programming supplied by the plaintiff.

4. In using said device defendant accessed premium services, pay-per-view events and other proprietary signals of the plaintiff without paying plaintiff for same.

5. Defendant intended to receive such premium and pay-per-view programming without payment to plaintiff when purchasing, using and/or installing said device.

6. Defendant did in fact receive premium and pay-per-view programming by using said device without paying plaintiff for such services.

8. Said Device was installed at or near defendants premises.

Dated: Ellenville, New York
August 12, 2003

Yours, etc.

LONSTEIN LAW OFFICE P.C.

By: _____
Wayne D. Lonstein
Attorneys for Plaintiff
Office & P.O. Address
1 Terrace Hill, PO Box 351
Ellenville, New York 12428
Tel: (845) 647-8500

TO: Leslie S. Hollo, Esq.
Snow, Atticks & Hollo, LLC
69 Wall Street
Madison, CT 06443

## CERTIFICATE OF SERVICE

The undersigned duly certifies that the annexed document was duly served by United States mail, postage prepaid, upon the following on August 12, 2003:

Leslie S. Hollo, Esq.
Snow, Atticks & Hollo, LLC
69 Wall Street
Madison, CT 06443

_____
WAYNE LONSTEIN

## CERTIFICATE OF SERVICE

The undersigned hereby duly certifies that the foregoing papers on Plaintiff's Motion for Summary Judgment – Notice of Motion, Memorandum of Law with Statement of Facts, Affirmation of Wayne D. Lonstein, Esq. presenting evidence in support thereof, and all of the exhibits attached thereto, were duly served on this 25th **day of March, 2004,** by United States mail, first class, postage prepaid upon the following:

    Leslie S. Hollo, Esq.
    Snow, Atticks & Hollo, LLC
    69 Wall Street
    Madison, CT 06443

                                               WAYNE D. LONSTEIN, ESQ.