ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

FILED

------------------------------------------------

DIRECTV, INC.,
a California corporation,

               Plaintiff,

- against -

GEORGE MARTINEZ, *et al.*,

               Defendants.

------------------------------------------------

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO
DISMISS COMPLAINT

2004 APR -2  P 2: 55

U.S. DISTRICT COURT
HARTFORD, CT.

Civil Case No. 3-03-CV-00953 DJS
Honorable Dominic J. Squatrito

Plaintiff, DIRECTV, INC., respectfully submits the within opposition to Defendant **RICHARD MATHER'S** Motion to Dismiss Complaint and requests that the Court deny Defendant's Motion in its entirety.

In his Motion to Dismiss, Defendant offers absolutely no basis for dismissal of Plaintiff's Complaint. Rather, Defendant's Motion to Dismiss is, word for word, an exact replica of a document Defendant filed with the Clerk of the Court and served upon Plaintiff on or about October 1, 2003, entitled "Objection to Certificate of Due Diligence, Motion to Disallow 26(F) [sic] Report, and Motion to Dismiss Complaint," except that in the current Motion to Dismiss, Defendant has failed to sign his documents and has changed the date of the papers to March 23, 2004. Plaintiff filed a response to Defendant's Objection to Certificate of Due Diligence with the Clerk of the Court on October 3, 2003, and served a copy upon Defendant.

Plaintiff's primary focus herein is to address the misrepresentations made in Defendant's Motion to Dismiss.

-1-

## ARGUMENT

## PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED

Dealing with the last issue raised by Defendant in his Motion, Plaintiff respectfully submits that its Complaint should not be dismissed. Quite simply, Defendant has offered the Court absolutely no basis for dismissing Plaintiff's Complaint. Even deferring to Defendant in his *pro* se status, Defendant must offer the Court something in support of his request. In the instant matter, Defendant has merely entitled a copy of a previously filed document "Motion to Dismiss" and placed the request in his Wherefore Clause. Plaintiff cannot even address Defendant's request beyond this because there is nothing whatsoever offered in support of the request and, as a result, the request should be denied in its entirety.

### DEFENDANT'S REQUEST TO STRIKE THE
### RULE 26(f) REPORT SHOULD BE DENIED

As discussed in Plaintiff's previously filed response to Defendant's Objection to Certificate of Due Diligence, Plaintiff forwarded a letter on or about August 18, 2003, by regular and Certified Mail, return receipt requested, to Mr. Mather, with a proposed copy of the Form 26(f) Meeting of the Parties, and requested that he contact Plaintiff's counsel to hold the Rule 26(f) meeting of the parties. The letter was signed for on August 22, 2003, by Mary Ann Mather. A copy of Plaintiff's letter, the Certified Mail receipt and return receipt are attached hereto as Exhibit "A."

Plaintiff's letter of August 18, 2003, was mailed to Defendant at 12 Anthony Road, North Haven, Connecticut. However, Exhibit "A" to Defendant's Motion to Dismiss shows that someone noted the correct address, 54 Gale Avenue, Meriden, CT, and forwarded Plaintiff's August 18, 2003, Certified Mail letter to Defendant at this address. (Please refer to Exhibit "A" of Defendant's Motion

to Dismiss.)

Defendant further advises the Court that Plaintiff's representation that counsel attempted to call him to conduct the Rule 26(f) meeting of the parties is erroneous. Defendant's assertions to the contrary notwithstanding, no one answered Defendant's telephone when Plaintiff's counsel attempted to contact Defendant on August 18, 2003, at (203) 237-6224 and no answering machine engaged after the telephone rang numerous times.

Plaintiff will not endeavor to speculate about the issues surrounding Defendant's answering machine. Rather, Plaintiff points out that, after filing two (2) identical documents on two (2) separate occasions, which have required the Court and Plaintiff's counsel to expend resources, Defendant has yet to contact Plaintiff's counsel to conduct the Rule 26(f) meeting of the parties. Clearly, he is fully aware, and has been since at least August 22, 2003, of Plaintiff's efforts to contact him to comply with Rule 26(f) of the Federal Rules of Civil Procedure. Notwithstanding Defendant's status as a *pro se* litigant, he is required to comply with the Federal Rules of Civil Procedure and must be held to the mandate that "the *parties* must, as soon as practicable..., confer to consider the nature and basis of their claims and defenses and the possibility for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan..." Fed. R. Civ. P. 26(f) (emphasis ours). In short, it is Defendant's responsibility, as much as Plaintiff's, to make good faith efforts to comply with Rule 26(f) of the Federal Rules of Civil Procedure. Significantly, Defendant offers this Court no reason for his failure to contact Plaintiff to hold the Rule 26(f) meeting, especially after receiving Plaintiff's letter of August 18, 2003, requesting contact from him.

There is no prejudice to Defendant or benefit to Plaintiff in ordering that the Rule 26(f) Report

of the Parties' Planning Meeting will stand as it has been filed. The dates and information contained within the Report do not prejudice Defendant and, indeed, Defendant has offered nothing in his Motion to Dismiss to suggest otherwise. In reality, Defendant does not even address the contents of the Report or any objections he may have to it. Rather, Defendant's sole arguments are that his address changed and Plaintiff failed to use the new address (even though he received Plaintiff's letter of August 18, 2003, at his former address), and that Defendant is, essentially, unhappy with Plaintiff's counsel's interactions with him by telephone.

## CONCLUSION

Based on Defendant's complete failure to support his request for dismissal of Plaintiff's Complaint, Plaintiff respectfully submits that the Court should deny Defendant's Motion to Dismiss in its entirety. Plaintiff further submits that the Court should deny Defendant's request to strike the Rule 26(f) Report of Parties' Planning Meeting or, in the alternative, that the Court issue an Order compelling Defendant to make himself available to Plaintiff forthwith so that the parties may conduct the Rule 26(f) meeting.

Dated: March 30, 2004
       Ellenville, NY

Wayne D. Lonstein, Esq.
(Federal Bar No. 19973)
Lonstein Law Office, P.C.
Attorneys for Plaintiff
1 Terrace Hill, PO Box 351
Ellenville, NY 12428
Telephone: 845-647-8500
Facsimile: 845-647-6277
*Our File No. DTV-4CT-03*

Exhibit A

# Lonstein Law Office, P.C.

Attorneys and Counselors at Law

1 Terrace Hill, P.O. Box 351
Lonstein Professional Building
Ellenville, New York 12428
Telephone (845) 647-8500
Facsimile (845) 647-6277
www.signallaw.com

---

\* Wayne D. Lonstein

Julie Cohen Lonstein

‡ Rosalie A. Wallis

Kelly Ann Ruane

\* Also admitted in NJ, PA & MA
‡ Also admitted in New Mexico

Albert I. Lonstein (1930 - 1993)

Benjamin Lonstein (1909 - 2000)

August 18, 2003

Richard Mather
12 Anthony Rd
North Haven, CT 06473
**via regular and Certified Mail, return receipt requested**

Re:  DirecTV vs. George Martinez, *et al*
     Our File No. DTV-4CT-03
     Civil No. 3-03-CV-00953 DJS

Dear Mr. Mather:

Enclosed herein, please find the proposed Discovery Plan for your review. Please contact my office upon receipt to discuss any changes you may have.

I look forward to hearing from you.

Very truly yours,

LONSTEIN LAW OFFICE, P.C.

*[signature]*

By: Julie Cohen Lonstein
JCL/ea
Encl.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OTV-40-F-03  L(?)OlDeff(?) w/ CMSPE

| | | |
|---|---|---|
| Postage | $ | .60 |
| Certified Fee | | 2.30 |
| Return Reciept Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.65 |

Postmark: ELLENVILLE NY, AUG 18 2003, 12428

Sent To: Richard Mather
Street, Apt. No.; or PO Box No.: 12 Anthony Road
City, State, ZIP+4: North Haven, CT 06473

PS Form 3800, June 2002    See Reverse for Instructions

Article Number: 7002 2410 0006 9201 0312

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Richard Mather
12 Anthony Road
North Haven, CT
06473

2. Article Number (Transfer from service label): 7002 2410 0006 9201 0312

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: [signature] Mary Ann Mather
   ☐ Agent
   ☐ Addressee

B. Received by (Printed Name):

C. Date of Delivery: 8/22/03

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595-02-M-1035